UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-24161-ALTMAN/Becerra

**MARIE GONIN**,

    *Plaintiff*,

*v.*

**CARNIVAL CORPORATION**,

    *Defendant*.

_____/

## ORDER DENYING MOTION FOR LEAVE TO AMEND

Our Plaintiff, Marie Gonin, has filed a Motion for Leave to File Her Second Amended Complaint (the "Motion") [ECF No. 30]—which, after careful review, we now **DENY**.

### BACKGROUND

On October 31, 2023, Gonin sued the Defendant, Carnival, asserting claims of "negligent failure to inspect"; "negligent failure to maintain"; "negligent failure to remedy"; "negligent failure to warn of dangerous condition"; and "negligent design, installation, and/or approval of the subject surface and the vicinity." *See generally* Complaint [ECF No. 1]. These claims all arose from Gonin's having allegedly "slipped on a foreign transitory substance that caused the surface to be unreasonably slippery." *Id.* ¶ 14. Carnival answered on January 12, 2024, *see* Answer and Affirmative Defenses [ECF No. 7], and we issued an Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge (the "Scheduling Order") [ECF No. 14] shortly thereafter. Notably, our Scheduling Order set a deadline of March 18, 2024, for the parties to file amended pleadings. *See* Scheduling Order at 2.

On March 15, 2024—three days *before* the amended-pleadings deadline—Gonin filed a Motion for Leave to File Her First Amended Complaint [ECF No. 18], which we granted, *see* Mar. 16, 2024,

Paperless Order [ECF No. 19]. Gonin therefore filed her First Amended Complaint [ECF No. 20] the next day. Interestingly, this First Amended Complaint advanced an entirely different theory of liability. Instead of accusing Carnival of negligence for the slip-and-fall itself, Gonin shifted her focus to the allegedly negligent treatment of her injuries by Carnival's medical staff. *See generally* First Amended Complaint (advancing claims of "vicarious liability for negligence of the medical staff"; "apparent agency for the acts of the ship's medical staff"; and "assumption of duty for the negligence of the ship's medical staff"). Again, Carnival answered. *See* Answer and Affirmative Defenses to First Amended Complaint [ECF No. 27]. Now, however, Gonin asks us for leave to file yet *another* amended complaint. *See generally* Motion. Because Gonin has filed this Motion nearly three months *after* the deadline to amend had expired—and since Gonin has failed to show good cause for her delay—her Motion is **DENIED**.

## THE LAW

Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings. "Apart from initial amendments permissible as a matter of course, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Kozyrev v. Ponomarenko*, 2020 WL 977635, at *1 (S.D. Fla. Feb. 28, 2020) (Bloom, J.) (cleaned up) (quoting FED. R. CIV. P. 15(a)(2)). When a party moves to amend *after* the deadline set out in the scheduling order, Rule 16(b) controls:

> District courts are required to "enter a scheduling order that limits the time to . . . join other parties and to amend the pleadings[.]" FED. R. CIV. P. 16(b). Such orders "control the subsequent course of the action unless modified by a subsequent order," FED. R. CIV. P. 16(e), and may be modified only "upon a showing of good cause." FED. R. CIV. P. 16(b). This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." FED. R. CIV. P. 16 advisory committee's note.

*Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

A party shows good cause "when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had

2

passed." *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007) (Marra, J.). "[T]he likelihood of obtaining permission to amend diminishes drastically after the court enters a scheduling order with deadlines for amendments that have expired." *Ibid.* "[E]ven if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made." *Ibid.* Ultimately, the decision to grant (or deny) leave to amend is left to the sound discretion of the district court. *See Harris v. Reverse Mortg. Sols. Inc.*, 800 F. App'x 708, 711 (11th Cir. 2020).

**ANALYSIS**

As we've said, "[a] plaintiff seeking leave to amend [her] complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under FED. R. CIV. P. 16(b)." *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009). To satisfy Rule 16's "good cause" standard, the amending party must show "diligence in pursuing [her] claims." *Hix v. Acrisure Holdings, Inc.*, 2022 WL 17538687, at *1 (N.D. Ga. Dec. 8, 2022) (quoting *Anderson v. Brown Indus.*, 614 F. App'x 415, 417 (11th Cir. 2015)). Gonin has failed to meet that burden.

Gonin argues that, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [s]he ought to be afforded an opportunity to test h[er] claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given." Motion at 1–2 (first quoting *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 761 (11th Cir. 1995); and then citing FED. R. CIV. P. 15(a)(2)). "On May 22, 2024," the Plaintiff continues, "Defendant took the deposition of Plaintiff's husband," during which "Mr. Gonin testified that while witnessing Ms. Gonin's medical treatment, she was verbally protesting while Defendant's shipboard medical staff was attempting to put the cast

3

on her, and she was screaming to them that the plaster cast was too hot and that she did not want it placed on her. However, Defendant's shipboard medical staff continued to put the cast on her while ignoring her protests." *Id.* at 2. Apparently, Gonin "told them the pain of the hot water was worse than the pain of her fractured bone she went to the medical center for in the first place." *Ibid.* "Gonin suffered burns and blisters on the top of her leg[.]" *Ibid.* According to Gonin, her proposed amendments "are all based on essentially the same facts [she] alleged in her initial complaint, with the exception of paragraphs 21 through 26 of her proposed Second Amended Complaint, which add the newly discovered facts and allegations of punitive damages." *Id.* at 3. These punitive damages, she concludes, "are appropriate in circumstances such as these." *Ibid.* (citing *Lobegeiger v. Celebrity Cruises, Inc.*, 2011 WL 3703329, at *7 (S.D. Fla. Aug. 23, 2011) (Altonaga, J.)).

Two problems with this. *First*, Gonin appears to be forgetting that, when a party moves to amend *after* the expiration of the deadline the court set out in the scheduling order, Rule 16(b)—*not* Rule 15(a)—controls. *See Sosa*, 133 F.3d at 1419 ("Sosa's brief on appeal does not address good cause under Rule 16(b), but focuses instead upon the liberal amendment standard set out in Federal Rule of Civil Procedure 15(a). If Sosa's motion for leave to amend had been filed within the time prescribed by the scheduling order, Rule 15(a) would be our primary focus, as well. However, because Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)."). And, when a plaintiff altogether "fails to address Rule 16(b)'s good cause standard in [her] motion to amend," courts routinely find that the plaintiff has "not sustain[ed] [her] burden to demonstrate good cause to permit a tardy amendment." *O'Dell v. Wal-Mart Stores E., L.P.*, 2019 WL 2206444, at *3 (N.D. Ala. May 22, 2019); *see also Seacoast Constr., Inc. v. JPMorgan Chase Bank, N.A.*, 2020 WL 5545553, at *1 (S.D. Fla. June 25, 2020) (Altonaga, J.) (denying the plaintiff's motion for leave to amend where the

4

plaintiff "neither addresse[d] Rule 16 nor attempt[ed] to demonstrate good cause to modify the [s]cheduling [o]rder" in its motion for leave to amend).

*Second*, even ignoring the fact that Gonin has cited the wrong standard, she plainly hasn't met her burden of showing good cause to amend. The only excuse she offers, after all, is her claim that, during *her husband's* deposition, she uncovered a few new details about *her own* treatment of *her* own injury. The whole argument thus makes little sense. Gonin was (it goes without saying) *right there* during the events in question and (we assume) has been in regular contact with *her husband* ever since. So, she cannot show good cause to amend on the basis of facts she herself *already* knew (or could have easily learned by simply speaking to her husband).

Gonin, in sum, has still failed to establish her "diligence in pursuing [her] claims." *Hix*, 2022 WL 17538687, at *1; *see also Moss v. Am. Private Equity, LLC*, 2018 WL 11251745, at *2 (M.D. Fla. Aug. 14, 2018) (Sneed, Mag. J.) ("Defendants do not address Rule 16(b) or whether good cause exists to allow their proposed amendment past the [s]cheduling [o]rder's deadline . . . . To establish good cause, [d]efendants must have been diligent . . . . Given the lack of explanation, [d]efendants fail to establish good cause for amending their pleading after the deadline in the [s]cheduling [o]rder."). As in *Hix*, Gonin doesn't tell us what prevented her from asserting a punitive-damages claim *before* the expiration of the deadline we set out in our Scheduling Order. *See generally* Motion. She's thus failed to meet her burden under Rule 16(b). And, "[t]o allow parties to circumvent long-expired deadlines merely by invoking the liberal leave to amend policy espoused by Rule 15(a) would be to 'render scheduling orders meaningless *and* effectively . . . read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.'" *HomeBingo Network, Inc. v. Cadillac Jack, Inc.*, 2006 WL 3469515, at *1 (S.D. Ala. Nov. 29, 2006) (quoting *Sosa*, 133 F.3d at 1419 (emphasis added)). "Having failed to show diligence, the good cause inquiry ends and [Gonin's] motion must be denied." *Warrington v. Patel*, 2023 WL 3336487, at *1 (M.D. Fla. May 10, 2023) (Dudek, Mag. J.).

Accordingly, we hereby **ORDER and ADJUDGE** that Gonin's Motion for Leave to File Her Second Amended Complaint [ECF No. 30] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on June 12, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record